David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
O'HAGAN MEYER LLP
4695 MacArthur Court, Suite 210
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorney for Defendant,
WALMART, INC.

# UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY GLENNET COLEMAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>WALMART, INC.; and DOES 1 – 20, Inclusive,<br><br>                    Defendants. | CASE NO. 3:22-cv-02903<br><br>Underlying Case No. MSC21-01402 (Contra Costa County Superior Court)<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF DAVID DAVIDSON, ESQ** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of Contra Costa to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff Shirley Glennet Coleman is a resident, citizen and domiciliary of the State of California.  Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

### INTRODUCTION

1.    On July 14, 2021, plaintiff Shirley Glennet Coleman ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of Contra Costa, entitled *Shirley Glennet Coleman, an individual, v. Walmart, Inc., a Delaware corporation, and DOES 1-20, inclusive*," as Case Number MSC21-01402.  Plaintiff alleges two causes of action for negligence and premises liability arising out of a trip and fall accident that is alleged to have occurred on July 24, 2019, in County of Contra Costa, California.

2.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

3.    The Complaint was served on Defendant on April 29, 2022. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the initial Complaint on Defendant.

4.    This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

///

///

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

## BASIS FOR REMOVAL

5.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6.    At the time of filing his complaint, Plaintiff was a resident and citizen of the State of California, County of Contra Costa. (Davidson Dec., ¶ 3.)

7.    Defendant is a citizen of the Delaware where it was incorporated with its principal place of business in the State of Arkansas. (Id. at ¶ 4.)

8.    The defendants identified as "Does 1 through 20" in Plaintiff's Complaint are merely fictitious parties who have not been identified.

9.    The inclusion of "Doe" defendants in the state court Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

10.    In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)). The presumption remains that Congress said what it

3

1
2
3
4
5
6

meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman*, 311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

7
8
9
10
11

11.    Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.

12
13
14
15

12.    On April 29, 2022, Plaintiff served Statement of Damages with the Complaint claiming $1,000,000.00 in general damages, $255,000.00 in special damages, and $1,000,000.00 in punitive damages. (Id. at ¶ 2.) Therefore, the amount of damages exceeds $75,000.00.

16
17
18
19
20
21
22

13.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs because Plaintiff has alleged various damages in excess of $2,255,000.00. (Davidson Dec., ¶ 2-4.)

23
24
25
26

14.    Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of Contra Costa to the United State District Court for the Northern District of California is appropriate.

27
28

15.    The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of Contra

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

Costa, where this action was originally filed, is located within this federal judicial district. Also, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of Contra Costa in the State of California. (Davidson Dec., ¶ 3.)

16. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

17. Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Contra Costa, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

18. No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Contra Costa to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: May 16, 2022                    O'HAGAN MEYER

By: _____
David Davidson
Attorney for Defendant,
WALMART INC.

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

## DECLARATION OF DAVID DAVIDSON, ESQ.

I, David Davidson, declare as follows:

1.      I am an attorney duly authorized and licensed to practice before this Court, as well as all courts of the State of California, Washington and Iowa. I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter.   The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2.      As a result of the subject fall, Plaintiff Shirley Glennet Coleman ("Plaintiff") alleged in a Statement of Damages that was served on April 29, 2022 with the Complaint $1,000,000.00 in general damages, $255,000.00 in special damages, and $1,000,000.00 in punitive damages.

3.      According to the Complaint prepared and submitted by Plaintiff, she resides in Contra Costa County, California. I am informed and believe she has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time she filed her Complaint. The subject accident allegedly occurred on July 24, 2019, at a Walmart store located in Contra Costa County, California.

4.      Walmart, Inc. is incorporated in Delaware with its principal place of business in the State of Arkansas.

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

1

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

6.     The Complaint was served on Defendant Walmart, Inc. on April 29, 2022. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the initial Complaint on Defendant Walmart, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on May 6, 2022.

_____
David Davidson, Declarant

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
04/29/2022
CT Log Number 541494736

## Service of Process Transmittal Summary

**TO:**    KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**    **Process Served in California**

**FOR:**    WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: COLEMAN SHIRLEY GLENNET // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Proof(s) |
| **COURT/AGENCY:** | Contra Costa County Superior Court, CA<br>Case # C2101402 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 07/24/2019 - Walmart Store #3455 - 1400 Hilltop Mall Road, in the City of Richmond, the County of Contra Costa, CA, 94806 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/29/2022 at 01:45 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | S. Sean Bral<br>Bral & Associates<br>1875 Century Park East, Suite 1490<br>Los Angeles, CA 90067<br>310-789-2007 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/30/2022, Expected Purge Date: 05/10/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
04/29/2022
CT Log Number 541494736

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Fri, Apr 29, 2022
**Server Name:**                    Victor Mendez

| Entity Served | WALMART INC. |
|---------------|--------------|
| Case Number   | C2101402     |
| Jurisdiction  | CA           |

| Inserts |
|---------|
|         |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART, INC.; and DOES 1 - 20, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHIRLEY GLENNET COLEMAN.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

2021 JUL 14 A 11: 50

KATE BIEKER
CLERK THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: C. _____ DEPEUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Contra Costa County Superior Court
725 Court Street
Martinez, California 94553

**CASE NUMBER:**
*(Número del Caso):*
**C21 - 01402 -**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Sean Bral, Esq., Bral & Associates, 1875 Century Park East #1490, Los Angeles, CA 90067  (310)789-2007

DATE: **JUL 14 2021**
*(Fecha)*

Clerk, by **C. A. JACALA**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: WALMART, INC.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  BRAL & ASSOCIATES
   S. SEAN BRAL, ESQ. 190489
2  RICHARD POURGOL, ESQ. 250236
   1875 CENTURY PARK EAST, SUITE 1490
3  LOS ANGELES, CALIFORNIA 90067
   E-mail: SBFirm@gmail.com
4  Phn: (310)789-2007 Fax: (310)789-2006

5  Attorneys for *Plaintiff*
   SHIRLEY GLENNET COLEMAN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF CONTRA COSTA

10                                          C21-01402-

11 SHIRLEY GLENNET COLEMAN,        )   Case Number:
                                   )
12           *Plaintiff,*          )
                                   )
13      vs.                        )   COMPLAINT FOR DAMAGES
                                   )
14 WALMART, INC.; and DOES 1 - 20, )   1.  NEGLIGENCE /
   Inclusive.                      )       PREMISES LIABILITY
15                                 )
           *Defendants.*           )
16 _____)

17

18 *Plaintiff* alleges:

19 1.  *Plaintiff* SHIRLEY GLENNET COLEMAN ("Plaintiff"), is informed, believes, and

20     thereupon alleges, that *Defendant* WALMART, INC. ("Defendant") is, and at all times

21     mentioned herein was, operating and doing business as "WALMART" in the City of

22     Richmond, the County of Contra Costa, and the State of California.

23 2.  Plaintiff is informed, believes, and thereupon alleges, that *Defendants* DOES 1 through 20,

24     inclusive (collectively, "Defendants"), are, and at all time mentioned herein were, individuals

25     residing in, or business entities based and\or operating in, the County of Contra Costa, and

26     the State of California.

27 3.  The true names and capacities, whether individual, corporate, associate or otherwise, of

28

1    Defendants, DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said

2    Defendants by such fictitious names, and Plaintiff will seek leave of Court to amend this

3    Complaint, in order to show the true names and capacities thereof, when such names and

4    capacities have been ascertained.

5  4. Plaintiff is informed, believes, and thereupon alleges, that each of the Defendants designated

6    herein as a DOE is responsible, negligently or in some other manner, for the events and

7    happenings herein referred to, and thereby proximately caused injuries and damages to

8    Plaintiff, as hereinafter alleged.

9  5. Defendants, at all times mentioned herein were the agents, servants, employees, partners,

10    members, shareholders, officers, directors, joint venturers, and *alter egos* of each other, and

11    in doing, or failing to do, the things hereinafter mentioned, were acting within the purpose

12    and scope of their agency and employment and with the knowledge and consent of each

13    other.

14  6. As used herein the term "Defendants" means all Defendants (including but not limited to

15    both named and DOE defendants), both jointly and severally, and mentions, by name, to any

16    Defendant shall include all Defendants, both jointly and severally, by reference.

17  7. Each and all of the acts, events and injuries alleged hereinafter, took place and were sustained

18    on or about July 24, 2019, at the "WALMART" Store number 3455, which is owned and

19    operated by Defendants, and each of them, and which is located at or near 1400 Hilltop Mall

20    Road, in the City of Richmond, the County of Contra Costa, the State of California, and the

21    Zip Code of 94806.

22  8. At all times mentioned herein, Defendants and/or their predecessors owned, maintained,

23    controlled, managed, supervised and\or operated the property referred to as the

24    "WALMART" Store number 3455, located at or near 1400 Hilltop Mall Road, in the City of

25    Richmond, the County of Contra Costa, the State of California, and the Zip Code of 94806

26    ("Premises").

27  9. At the aforementioned time and place Defendants, and each of them, so negligently

28

COMPLAINT FOR DAMAGES - PAGE 2

1    maintained, controlled, managed, operated, inspected, and\or supervised said Premises, as to

2    fail to prevent foreseeable users, customers and invitees, such as Plaintiff, from being

3    exposed to perilous and unsafe conditions, including, without limitation: some sort of liquid,

4    whether water or otherwise, possibly with soap, detergent and/or cleaning substances, which

5    had not been cleaned, and which was not marked by signs, tapes and/or cones or any other

6    warnings, as to the hazard posed by the poorly maintained and slippery floor, which caused

7    Plaintiff to slip and fall, and thereby caused the hereinafter-described injuries and damages.

8    10. Defendants, and each of them, knew, or in exercise of reasonable care should have known,

9    that such actions and omissions constituted a dangerous and an unreasonable risk of harm of

10   which Plaintiff at all times was unaware of.

11   11. Defendants, and each of them, negligently failed to take steps to either make the condition

12   safe or warn Plaintiff of the dangerous condition, thereby causing the hereinafter-described

13   injuries and damages to Plaintiff.

14   12. As the direct and proximate result of the negligence of the above-named Defendants, and

15   each of them, Plaintiff was hurt and injured in her health, strength and activity, sustaining

16   serious injuries to body and severe shock and injuries to the nervous system and person, all of

17   which injuries have caused and continue to cause Plaintiff great mental, physical and nervous

18   pain and suffering, all leading to Plaintiff's general damages in an amount in excess of the

19   jurisdictional minimum of this Court.

20   13. As a further and direct and proximate result of the negligence of Defendants, Plaintiff was

21   required to, and did, incur medical and incidental expenses thereby.  The exact amount of

22   such expenses is presently unknown to Plaintiff, and Plaintiff will therefore seek leave of

23   Court to amend this Complaint, in order to set forth the exact amount thereof when the same

24   has been ascertained.

25   14. Plaintiff is informed, believes and thereupon alleges, that as the direct result and proximate

26   cause of the negligence of Defendants, and each of them, Plaintiff will, for a period to time in

27   the future, be required to employ physicians and incur additional medical and incidental

28

1     expenses thereby.  The exact amount of such expenses is presently unknown to Plaintiff and

2     Plaintiff will therefore seek leave of Court to amend this Complaint, in order to set forth the

3     exact amount thereof when the same has been ascertained.

4  15. At the time of the above-mentioned incident, Plaintiff was gainfully employed.  As a further,

5     and direct and proximate result of the negligence of Defendants, and each of them, Plaintiff

6     was unable to attend to her usual employment and has lost income.  The exact amount of

7     such damages is presently unknown to Plaintiff and Plaintiff will seek leave of Court to

8     amend this Complaint, in order to set forth the exact amount thereof, when the same has been

9     ascertained.

10 16. Plaintiff is informed, believes, and thereupon alleges, that as a direct and proximate result of

11    the negligence of Defendants, and each of them, Plaintiff will, for a period of time in the

12    future, be unable to attend and\or obtain gainful employment or that her ability to obtain

13    gainful employment is diminished and\or her earning capacity has been diminished.  The

14    exact amount of such losses is presently unknown to Plaintiff and Plaintiff will seek leave of

15    Court to amend this Complaint, in order to set forth the exact amount thereof, when the same

16    has been ascertained.

17      *WHEREFORE,* Plaintiff prays for judgment against Defendants, and each of them,

18 jointly and severally, as follows:

19    1.  General damages, according to proof, and in an amount in excess of the jurisdictional

20      minimum of this court;

21    2.  Medical and incidental expenses, according to proof;

22    3.  All other special and incidental damages, according to proof;

23    4.  Loss of earnings, according to proof;

24    5.  Loss of earning capacity, according to proof;

25    6.  Pre-judgment interest, according to proof;

26    7.  Costs of suit incurred herein;

27    8.  Punitive damages;

28

COMPLAINT FOR DAMAGES - PAGE 4

9.  Attorneys' fees as provided by law;  and

10. Such other and further relief as the Court may deem just and proper.

Dated:   July 11, 2021

                                    BRAL & ASSOCIATES

                              By:   _S. Sean Bral_
                                    S. Sean Bral, Esq.
                                    Attorneys for *Plaintiff*
                                    SHIRLEY GLENNET COLEMAN

COMPLAINT FOR DAMAGES - PAGE 5

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

S. SEAN BRAL, ESQ. [SBN 190489]
BRAL & ASSOCIATES
1875 Century Park East, Suite 1490, Los Angeles, California 90067

TELEPHONE NO.: (310) 789 - 2007   FAX NO. (Optional): (310) 789 - 2006
ATTORNEY FOR (Name): Plaintiff SHIRLEY GLENNET COLEMAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, California 94553
BRANCH NAME: Contra Costa County Superior Court

CASE NAME:
SHIRLEY GLENNET COLEMAN vs. WALMART, INC., et al.

*FOR COURT USE ONLY*

FILED

2021 JUL 14 A 11: 50

KATE BIEKER
~~~~~ SUPERIOR COURT
~~~~~ CONTRA COSTA, CA
BY: ~~~~~

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | C21 - 01402 |

JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

By Fax

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: ONE (1)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: JULY 11, 2021

S. SEAN BRAL, ESQ.
_____
(TYPE OR PRINT NAME)

▶ *S. Sean Bral*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

SUPERIOR COURT - MART... EZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

SHIRLEY G COLEMAN VS WALMART INC

NOTICE OF CASE MANAGEMENT CONFERENCE               CIVMSC21-01402

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:   01/04/22        DEPT:   07        TIME:    8:30

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.   You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.   You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.   At any Case Management Conference the court may make pretrial
orders including the following:

    a.   an order establishing a discovery schedule
    b.   an order referring the case to arbitration
    c.   an order transferring the case to limited jurisdiction
    d.   an order dismissing fictitious defendants
    e.   an order scheduling exchange of expert witness information
    f.   an order setting subsequent conference and the trial date
    g.   an order consolidating cases
    h.   an order severing trial of cross-complaints or bifurcating
         issues
    i.   an order determining when demurrers and motions will be filed

                         SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

         Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:   07/14/21                    _____
                                     C. JACALA
                                     Deputy Clerk of the Court

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* <br> TELEPHONE NO.: (310) 789 - 2007 <br><br> S. SEAN BRAL, ESQ.  190489 <br> BRAL & ASSOCIATES <br> 1310 WESTWOOD BOULEVARD <br> LOS ANGELES, CALIFORNIA 90024 <br><br> ATTORNEY FOR *(name):* Plaintiff SHIRLEY GLENNET COLEMAN | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, California  94553
BRANCH NAME: Contra Costa County Superior Court

PLAINTIFF: WALMART INC.
DEFENDANT: SHIRLEY GLENNET COLEMAN

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> MSC21-01402 |
|---|---|

To *(name of one defendant only):* WALMART INC.
Plaintiff *(name of one plaintiff only):* SHIRLEY GLENNET COLEMAN
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [ x ] Pain, suffering, and inconvenience .................................................................. $ _____1,000,000.00_
   b. [ ] Emotional distress. ...................................................................................... $ _____
   c. [ ] Loss of consortium ..................................................................................... $ _____
   d. [ ] Loss of sociey and companionship *(wrongful death actions only)* .................. $ _____
   e. [ ] Other *(specify)* _____ $ _____
   f. [ ] Other *(specify)* _____ $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ x ] Medical expenses *(to date)* ...................................................................... $ _____45,000.00_
   b. [ x ] Future medical expenses *(present value)* .................................................. $ _____130,000.00_
   c. [ x ] Loss of earnings *(to date)* ....................................................................... $ _____25,000.00_
   d. [ x ] Loss of future earning capacity *(present value)* ......................................... $ _____55,000.00_
   e. [ ] Property damage .................................................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* ......................................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ................ $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ....... $ _____
   i. [ ] Other *(specify)* _____ $ _____
   j. [ ] Other *(specify)* _____ $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ x ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)..* $ ____1,000,000.00_
   when pursuing a judgment in the suit filed against you.

Date: April 29, 2022

S. SEAN BRAL, ESQ.
_____
(TYPE OR PRINT NAME)

▶  *S. Sean Bral*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                    Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
*www.courts.ca.gov*



CIV-050

| PLAINTIFF: WALMART INC.<br>DEFENDANT: SHIRLEY GLENNET COLEMAN | CASE NUMBER:<br>MSC21-01402 |
|---|---|

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other   *(specify):*
   b. on *(name):*
   c. by serving ☐ defendant   ☐ other   *(name and title or relationship to person served):*
   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

# CERTIFICATE OF SERVICE

*Coleman v. Walmart, Inc.*
O'Hagan Meyer File No.: 2967-16822

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Court, Suite 210, Newport Beach, California 92660.

On **May 16, 2022**, I served the within document(s) described as:

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF DAVID DAVIDSON, ESQ**

on the parties in said action as follows:

☒     **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒     **BY ELECTRONIC TRANSMISSION:** I served electronically via email per Section 1010.6 of the Code of Civil Procedure the above-referenced document(s) to the persons and e-mails address(es) indicated on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **May 16, 2022,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1

**CERTIFICATE OF SERVICE**

1

2

**SERVICE LIST**

| | |
|---|---|
| S. Sean Bral, Esq.<br>Richard Pourgol, Esq.<br>**Bral & Associates**<br>1875 Century Park East, Suite 1490<br>Los Angeles, CA 90067<br>310-789-2007; Fax: 310-789-2006<br>SBfirm@gmail.com<br>seanbral@gmail.com<br>bret.sbfirm@gmail.com<br>richardsbfirm@gmail.com | Attorneys for Plaintiff<br>SHIRLEY GLENNET<br>COLEMAN |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2